**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **PERRY L. DIGGS,** | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-2231-L |
| | ) | ECF |
| **FAUSTIN LUCIO, III,** | ) | |
|       Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case:  This is an unspecified *pro se* civil action.

    Parties:  Plaintiff resides in Dallas, Texas.  Defendant is Faustino Lucio, III, a manager at Plaintiff's former employment.

    The Court did not issue process in this case pending preliminary screening. On December 11, 2006, and February 2, 2007, the Magistrate Judge issued a questionnaire and a supplemental questionnaire to Plaintiff.  While Plaintiff responded to the first questionnaire (*see* January 16, 2007 answers), he has failed to respond to the supplemental questionnaire.

    Statement of Case:  Plaintiff seeks to sue Defendant for wrongful termination, negligence, defamation of character, personal injury, workmen's compensation, violating Plaintiff's "Sixth Amendment Right/Workplace Right," failure to train managers, failure to

document. (Complaint at 2). He seeks compensatory damages. (*Id.* at 1).[1]

<u>Findings and Conclusions</u>: Subject matter jurisdiction is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); *Moody v. Empire Life Ins. Co.*, 849 F.2d 902, 904 (5th Cir. 1988).

The complaint, supplemented by Plaintiff's answers to the first questionnaire, fails to allege a federal question arising under the Constitution or federal law. *See* 28 U.S.C. § 1331. Plaintiff merely complains of personal injuries, loss of his job, defamation, and denial of worker compensation benefits. He concedes that he is not seeking to sue his former employer for employment discrimination under Title VII. (Answer to Question 5). While Plaintiff purportedly relies on the First and Sixth Amendments (Answer to Question 1 and attachment thereto), his allegations fail to raise a federal constitutional claim. Plaintiff merely complains that Defendant "did not allow . . . [him] to speak about the allege[d] workplace violation," and that he "was not given the right to confront or given a chance to confront the witnesses the defendants claim witness[ed] this allege[d] violation." (*Id.*). While the Court granted Plaintiff an opportunity to expound on the above allegations in the second questionnaire, he failed to respond.[2]

Absent a federal question, complete diversity of citizenship between adverse parties and

---

[1] In answer to Question 10 of the first questionnaire, Plaintiff names additional individuals, whom he seeks to sue as Defendants in his complaint.

[2] The second questionnaire, filed on February 2, 2007, notified Plaintiff in italic letters that "[f]ailure to file answers to the Magistrate Judge's Questionaire may result in the dismissal of the action for failure to prosecute." (Docket #10).

at least $75,000 in controversy are required to establish subject matter jurisdiction. *See* 28 U.S.C. § 1332(a). Plaintiff cannot rely on diversity of jurisdiction. It is clear from the face of the complaint that Plaintiff and the named Defendants are citizens of the State Texas. Therefore, Plaintiff's complaint, insofar as it relies on 28 U.S.C. §§ 1331 and 1332, should be dismissed for want of jurisdiction.

Alternatively, Plaintiff's complaint should be dismissed for want of prosecution. The Fifth Circuit Court of Appeals has approved the use of questionnaires as a proper method to develop the factual basis of a *pro se* complaint. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (reaffirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint); *Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal under former § 1915(d) is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint).

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Because Plaintiff has been given ample opportunity to submit his answers to the second questionnaire, this action should be dismissed without prejudice for want of prosecution. *See*

Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be DISMISSED for want of jurisdiction.

Alternatively, it is recommended that the complaint be DISMISSED without prejudice for want of prosecution.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 23rd day of April, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.